## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

_____

|  |  |
|---|---|
| **ZIAD SAID OZRAIL,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) **Civil Action No. 2:05-cv-02287** |
|  | ) |
| **Z BEST OIL CO. INC., HAITHAM A.** | ) |
| **ALYOUSEF and NASSER OZRAIL,** | ) |
| **d/b/a Z BEST MARKET,** | ) |
|  | ) |
| **Defendants.** | ) |
| _____ | ) |

## FIRST AMENDED COMPLAINT FOR UNFAIRCOMPETITION AND TRADEMARK INFRINGEMENT

Plaintiff, Ziad Said Ozrail, by his undersigned attorneys, respectfully submits this Complaint against Defendants Z Best Oil Co. Inc., Haitham A. Alyousef and Nasser Ozrail, d/b/a Z Best Market for acts of federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for unfair competition and trademark infringement in violation of Tennessee Code Ann. §§ 47-18-104 and 47-25-512, for trademark infringement in violation of 35 U.S.C. §1114, and for unfair competition and trademark infringement in violation the common law of Tennessee, and alleges as follows:

## PARTIES

1.      Plaintiff Ziad Said Ozrail is a citizen of Tennessee residing at 838 Shotwell Road, Memphis, Tennessee 38111.  Plaintiff is engaged in the business of providing

convenience store goods and services throughout Memphis, Tennessee and does so under the names Z Market and Z National Market.

2.        Upon information and belief, Defendant, Z Best Oil Co. Inc. is a corporation of the state of Tennessee and does business as a provider of convenience store goods and services under the name Z Best Market at 3888 Macon Road, Memphis, Tennessee 38122.

3.        Upon information and belief, Defendant Haitham A. Alyousef is a citizen of Tennessee residing at 3114 Holly Heath Drive, Memphis, Tennessee 38119.  Upon information and belief, Defendant Haitham A. Alyousef does business as a provider of convenience store goods and services under the name Z Best Market at 3888 Macon Road, Memphis, Tennessee 38122.

4.        Upon information and belief, Defendant Nasser Ozrail is a citizen of Tennessee residing at 3301 Knight Trails Circle, Apartment 107, Memphis, Tennessee 38115.  Upon information and belief, Defendant Nasser Ozrail does business as a provider of convenience store goods and services under the name Z Best Market at 3888 Macon Road, Memphis, Tennessee 38122.

5.        Upon information and belief one or more of the Defendants are sole proprietors of the Z Best Market convenience store located at 3888 Macon Road, Memphis, Tennessee 38122.

6.        Upon information and belief, Plaintiff Zaid Said Ozrail and Defendants are direct competitors in the provision of convenience store goods and services.

1055447

## JURISDICTION AND VENUE

7.        This Court has original subject matter jurisdiction over Count One of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1125(a).  This Court has supplemental jurisdiction over the remaining claims set forth herein pursuant to 28 U.S.C. § 1367(a).

8.         This Court has personal jurisdiction over the Defendants as they are domiciled in Tennessee or are citizens of and reside in Tennessee.

9.        Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) in that Defendants are located in or reside within this judicial district and the wrongful conduct that is the basis for the claims set forth herein occurred within this district.

## FACTS

10.       Plaintiff Zaid Said Ozrail is the owner of the trademark Z MARKET, which was duly registered in the state of Tennessee on February 4, 1999.  A copy of the registration certificate is attached hereto as Exhibit A.  This registration is valid and subsisting.

11.       Plaintiff Zaid Said Ozrail is the owner of the federal trademark Z MARKET & design, which was duly registered on the Principal Register of the United States Patent and Trademark Office as United States Registration No. 3,056,998, issued February 7, 2006 for "retail store services featuring convenience store items and gasoline"; and "money order, money transfer and check cashing services."  A copy of the '998 registration is attached hereto and made a part of the Complaint as EXHIBIT B.

1055447

12.     Since at least November 1, 1993, long prior to the acts of Defendants complained of herein, and continuing to the present, Plaintiff has owned and used the mark Z MARKET in connection with convenience stores, and the goods and services provided by such stores to consumers.

13.     Specifically, Plaintiff uses the mark Z MARKET to identify and distinguish the stores that Plaintiff owns and operates in the Memphis, Tennessee area, and the goods and services provided at such stores. The mark Z MARKET is used by Plaintiff, e.g., on store signs, flyers, advertisements in print media and the items and services offered through the stores, and on other items such as business cards.

14.     The mark Z MARKET is extremely valuable to Plaintiff and reflects the image, reputation and goodwill of Plaintiff and his convenience stores. Plaintiff has expended substantial and significant time, effort and money in the adoption, promotion and advertisement of his stores under the mark Z MARKET, and the goods and services offered at such stores.

15.     Defendants are similarly engaged in providing convenience store goods and services in the Memphis, Tennessee area. Since at least May 1, 2004 Defendants have been providing such goods and services under the name and mark Z BEST MARKET, and have a Z Best Market convenience store located at 3888 Macon Road, which is in close proximity to one or more of Plaintiff's Z Market stores.

16.     Defendants use the name and mark Z BEST MARKET in modes similar to those used by Plaintiff under its mark Z MARKET, including advertisement in print media of the Z Best Market store and the goods and services offered at Z Best Market, brochures, business cards and the like.

1055447

17.     Defendants' mark Z BEST MARKET is substantially and confusingly similar to Plaintiff's mark  Z MARKET.  Further, both marks are used to identify the same type of business engaged in by the parties, i.e., convenience stores and the providing of goods and services to consumers at such stores.  Both marks are used on store signs, advertisements, brochures and other forms of advertising, marketing, and/or promotional materials for the parties' respective convenience stores and the goods and services provided at such stores.

18.     Defendants' use of the name and mark Z BEST MARKET has caused, is likely to and will cause confusion, mistake, or deception as to affiliation, connection or association of the Defendants and their Z Best Market convenience store (and the goods and services provided at such store) with Plaintiff, Plaintiff's mark Z MARKET and Plaintiff's Z Market stores (and the goods and services provided at such stores), and as to the origin, sponsorship or approval of Defendants' goods, services and/or commercial activities under the name or mark Z Best Market.

19.     Defendants have actual knowledge of Plaintiff's mark Z MARKET  and of Plaintiff's rights in and prior use of such mark.  Plaintiff has repeatedly complained about the Defendants' infringement of this mark and acts of unfair competition, and has demanded that Defendants cease and desist from such conduct.

20.     Defendants' acts of trademark infringement and unfair competition have damaged or are likely to damage Plaintiff's business, reputation, image and goodwill irreparably, and consumers have been and are likely to be confused, deceived and damaged by Defendants' conduct.

1055447

21.      Defendants' acts of trademark infringement and unfair competition were and are being committed willfully.

22.      Unless enjoined by this Court, Defendants' wrongful acts will continue to cause irreparable injury to Plaintiff.  As a result of Defendants' wrongful acts and in addition to injunctive relief, Plaintiff is further entitled to monetary damages and other appropriate remedies.

**COUNT ONE**
**UNFAIR COMPETITION UNDER**
**LANHAM ACT SECTION 43(A), 15 U.S.C. § 1125(A)**

23.      Plaintiff Ziad Said Ozrail repeats the allegations in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

24.      Defendants' use of the name and mark Z BEST MARKET  constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) because consumers are likely to and will be confused, mistaken, misled or deceived, and because of the harm to Plaintiff's business, reputation, image and goodwill.  For instance, consumers are likely to believe that Plaintiff's Z Market convenience stores and Defendants' Z Best Market convenience store are owned by the same person or entity, are affiliated in some manner with each other, or are sanctioned by the same person or entity.

25.      Defendants will continue to commit acts of unfair competition and to confuse the public and cause irreparable harm to Plaintiff unless and until such acts are enjoined by this Court.

1055447

26.     As a result of Defendants' acts of unfair competition, Plaintiff is entitled to recover from Defendants their profits, damages sustained by Plaintiff as a result of Defendants' acts, and costs of the action pursuant to 15 U.S.C. § 1117.

27.     Because Defendants' acts of unfair competition are willful, Plaintiff is also entitled to treble damages and its attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT TWO
## UNFAIR COMPETITION UNDER TENNESSEE LAW

28.     Plaintiff Ziad Said Ozrail repeats the allegations in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

29.     Defendants' use of the name and mark Z BEST MARKET constitutes unfair competition in violation of Tenn. Code Ann. § 47-18-104 because consumers are likely to and will be confused, mistaken, misled or deceived, and because of the harm to Plaintiff's business, reputation, image and goodwill.  For instance, consumers are likely to believe that Plaintiff's Z Market convenience stores and Defendants' Z Best Market convenience store are owned by the same entity, are affiliated in some manner with each other, or are sanctioned by the same entity.

30.     As a result of Defendants' acts in violation of Tenn. Code Ann. § 47-18-104, Plaintiff is entitled to an injunction enjoining the use of the name and mark Z BEST MARKET pursuant to Tenn. Code Ann. § 47-18-109.  Plaintiff is further entitled to recover treble damages plus attorneys' fees and costs pursuant to Tenn. Code Ann. § 47-18-109.

1055447

## COUNT THREE
## TRADEMARK INFRINGEMENT UNDER TENNESSEE LAW

31.     Plaintiff Ziad Said Ozrail repeats the allegations in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

32.     Defendants' use of the name and mark Z BEST MARKET constitutes trademark infringement in violation of Tenn. Code Ann. § 47-25-512 because the mark Z BEST MARKET is a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's mark Z MARKET, and is being used without the consent of Plaintiff.

33.     Defendants use the name and mark Z BEST MARKET in connection with the sale, distribution, offer for sale, and advertising of goods and/or services, and such use is likely to cause confusion, mistake or deception as to the source of origin of such goods and/or services.

34.     The wrongful acts of Defendants complained of herein were and are being committed knowingly and in bad faith.

35.     As a result of Defendants' acts in violation of Tenn. Code Ann. § 47-25-512, Plaintiff is entitled to an injunction enjoining the use of the name and mark Z BEST MARKET pursuant to Tenn. Code Ann. § 47-25-514.  Plaintiff is further entitled to recover treble the profits of Defendants and any damages sustained by Plaintiff from Defendants' infringement, plus attorneys' fees and costs pursuant to Tenn. Code Ann. § 47-25-514.

## COUNT FOUR
## COMMON LAW UNFAIR COMPETITION

36.     Plaintiff Ziad Said Ozrail repeats the allegations in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

1055447

37.     Defendants' acts complained of constitute unfair competition in violation of the common law of the State of Tennessee.

## COUNT FIVE
## COMMON LAW TRADEMARK INFRINGEMENT

38.     Plaintiff Ziad Said Ozrail repeats the allegations in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

39.     Defendants' acts complained of constitute trademark infringement in violation of the common law of the State of Tennessee.  Such acts have been committed with the intent to cause confusion, mistake, and to mislead and deceive, and have been deliberate, knowing, willful and in bad faith.

## COUNT SIX
## FEDERAL TRADEMARK INFRINGEMENT

40.     Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs.

41.     Defendants' acts as described herein are likely to cause confusion, deception, or mistake.

42.     Defendants' acts constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of registered trademarks, in connection with the sale, offering for sale, distribution or advertising of products and/or services, on or in connection with which such use is likely to cause confusion or to cause mistake or to deceive, in violation of 15 U.S.C. § 1114(1).

43.     As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer irreparable injury for which no adequate remedy exists at law.

9

1055447

44.     Defendants' conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate entitling Plaintiff to an accounting of Defendants' profits, increased damages, and attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

WHEREFORE, Plaintiff Ziad Said Ozrail respectfully requests that the Court enter a judgment against Defendants, jointly and severally, as follows:

(a)     a decree that Defendants have committed acts of federal unfair competition, trademark infringement in violation of federal, Tennessee and common law and unfair competition in violation of Tennessee and common law, to the detriment of Plaintiff;

(b)     a preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors and assigns and all others in concert and privity with Defendants from (i) using marks and trade names that are confusingly similar to Plaintiff's mark; (ii) infringing U.S. Trademark Registration No. 3,056,998; and (iii) competing unfairly with Plaintiff;

(c)     an order requiring Defendants to file with this Court and to serve on Plaintiff, within thirty (30) days after service of such injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

(d)     an award of actual and compensatory damages as a judgment against the Defendants in an amount to be determined at trial for the Defendants' violations of 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a), and for Defendants' acts of unfair competition and trademark infringement in violation of Tennessee and common law;

1055447

(e)     an award of treble and/or increased damages due to the willful and

deliberate nature of Defendants' actions;

(f)     Plaintiff's costs and attorneys fees as provided by Section 35 of the

Lanham Act, 15 U.S.C. § 1117, and as provided by Tennessee and common law;

(g)     an award of prejudgment and post-judgment interest;

(h)     such other and further relief as this Court deems just and appropriate.


ZIAD SAID OZRAIL


By _____
     James R. Newsom III (TDN 6683)
     Harris Shelton Hanover Walsh PLLC
     2700 One Commerce Square
     Memphis, Tennessee 38103-2555
     Telephone:  901-525-1455
     Facsimile:  901-526-4084

     Attorneys for Plaintiff


_____
OF COUNSEL:
Frank P. Presta, Esq.
Nixon & Vanderhye P.C.
1100 N. Glebe Road, 8th Floor
Arlington, Virginia 22201
Telephone:  (703) 816-4000
Facsimile:  (703) 816-4100
Attorneys for Plaintiff

1055447